UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Teresa J. Owens,                                                Case No. 3:20-cv-1737

              Plaintiff

      v.                                                   MEMORANDUM OPINION
                                                            AND ORDER

Commissioner of Social Security,

              Defendant

### I.     INTRODUCTION

Before me is the Report & Recommendation ("R & R") of Magistrate Judge Carmen E. Henderson. (Doc. No. 18). Judge Henderson recommends I affirm the final decision of the Commissioner of the Social Security Administration denying Plaintiff Teresa J. Owens's applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Owens timely filed objections to Judge Henderson's R & R, (Doc. No. 19), and the Commissioner responded. (Doc. No. 20).

### II.     STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a determination by the Commissioner of Social Security under the Social Security Act, a district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact

unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

The district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005). Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

Importantly, a district judge "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)) (alteration added by *Fleischer*). "[T]he Court's obligation is to review the ALJ's rationale, not invent a new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019).

### III. DISCUSSION

In her objections, Owens challenges whether ALJ properly evaluated the opinion of Babatunde Onamusi, M.D.

When articulating how persuasive she finds a medical opinion to be, an ALJ must "explain how [she] considered the supportability … factor[ ]." 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2). The regulations define "supportability" by correlation, stating, "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1).

Before Judge Henderson, Owens argued, "The ALJ failed to provide any sort of discussion regarding whether Dr. Onamusi's opinions were supported." (Doc. No. 14 at 9). Judge Henderson rejected this argument and correctly held that, despite not using the buzzwords of "support" or "supportability," the ALJ did discuss the "supportability" factor by stating:

> [T]he undersigned notes that Dr. Onamusi's opinion appears to rely heavily upon the claimant's subjective responses to questions regarding symptoms of pain, as opposed to objective findings that show that she maintains 30-40 pounds of grip strength, is able to squat, walk on heels and toes, and exhibited no evidence of paracervical tenderness.

(Doc. No. 18 at 11 (quoting Doc. No. 13 at 29)). She also concluded "the ALJ satisfied his requirement of discussing the supportability of Dr. Onamusi's opinion," explaining,

> Throughout his opinion, the ALJ noted inconsistencies between Claimant's subjective complaints and the objective medical evidence. The ALJ was entitled to discredit Dr. Onamusi's opinion for relying on such complaints as long as he explained his finding—which he specifically did.

(*Id.* at 11-12). Finally, Judge Henderson agreed with the ALJ's finding that Dr. Onamusi's opinion "was largely based on [Owens]'s subjective expressions of pain" and noted that Dr. Onamusi had not discussed his objective findings when formulating his opinion. (*Id.* at 12).

Owens does not object to any of Judge Henderson's findings or conclusions. Instead, she asserts, "[e]ven if the ALJ's statements relate to the supportability factor, the ALJ's decision should be reversed." (Doc. No. 19 at 3). Owens argues that "[b]ecause [her] pain condition played such a large role in impacting her ability to function, the ALJ's reliance on a lack of objective evidence, especially in relation to the persuasiveness of Dr. Onamusi's opinions, was improper." (Doc. No. 19 at 3). She then states: "the question is whether the ALJ properly evaluated the intensity and persistence of Ms. Owens' pain, and properly determined the extent to which the pain limited her ability to perform work-related activities." (*Id.* at 4).

In support, she cites Social Security Ruling 16-3p, 2017 WL 5180304, as well as three Fourth Circuit cases discussing the two-step process for evaluating the claimant's subjective symptoms as required by 20 C.F.R. §§ 404.1529, 416.929. (*Id.* at 4-5 (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020); *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006); *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989))). This is the first time she raises such a challenge.

In her merits brief, Owens noted that the ALJ considered "that Dr. Onamusi's opinions appeared to be heavily reliant on [her] subjective responses" when finding the opinion only "partially persuasive." (Doc. No. 14 at 8). But despite alleging "[t]he ALJ's evaluation of Dr. Onamusi's opinions is problematic for a number of reasons," Owens did not assert the ALJ's decision to discredit the opinion in part because Dr. Onamusi's reliance on the subjective evidence was one of those "reasons." (*Id.*).

In her reply brief, Owens refuted what she believed to be the Commissioner's "claim[ ] that because the ALJ found Dr. Onamusi's opinions to be reliant on Ms. Owens' subjective comments, the ALJ implicitly declared that there was no objective evidence to support Dr. Onamusi's opinions." (Doc. No. 17 at 3). She maintained Dr. Onamusi's report contained objective evidence to support his opinions and asserted, "The ALJ's mere declaration to the contrary and unsupported

4

reliance on a conclusory declaration that the opinions were based on subjective complaints should not stand as a proper assessment of the supportability factor." (*Id.*).

Nowhere in her merits or reply brief did Owens even suggest the ALJ failed to properly evaluate her subjective symptoms, in relation to Dr. Onamusi's opinion or as a general matter.

The Sixth Circuit has held a district judge must address anew issues that arise after or in response to the magistrate judge's R & R, but "has generally articulated that 'issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived.'" *Morgan v. Trierweiler*, 67 F.4th 362, 367-68 (6th Cir. 2023) (citing cases). The issue raised here falls into the latter category of waived issues. The ALJ's decision obviously has not changed since it was reviewed by Judge Henderson. Further, Judge Henderson did not question whether the ALJ properly evaluated the persistence and intensity of her subjective symptoms. Therefore, I conclude Owens waived this issue raised for the first time in her objections to Judge Henderson's R & R.

## IV. CONCLUSION

For the foregoing reasons, I overrule Owens's "objection" to Judge Henderson's R & R and adopt Judge Henderson's recommendation that the Commissioner's decision be affirmed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
